# U. S. DISTRICT COURT.

In the matter of JOHN JAS. STAFF and JOHN JAS. STAFF, Jr.

Has an attorney of the court a lien upon moneys collected by him for assignee in bankruptcy ?

*Quere.*—It is the duty of the register to proceed and audit the accounts of the assignee, including an item for services of an attorney—even though a part of the moneys collected by such attorney have not been actually paid over to the assignee and deposited by him as required by the act and the 20th rule of the district court.

*Southern District of New York, in Bankruptcy.*

AT chambers, 4 Warren street, in the city of New York, in said district, this 13th day of February, A.D. 1872.

I, the undersigned register in charge of the above entitled matter, do hereby certify, that at the second meeting of creditors called under and pursuant to the 27th and 28th sections of the act, it appeared before me from the accounts of the assignee filed with me, that the assignee had credited his said trust as follows :

1869, Nov. 3, by John J. Staff, (moneys collected). $250 00
1870, April 27, by J. T. Malcolm, att'y., moneys.. 1,339 00

                                                    $1,589 00

It further appeared, that none of the money had ever been deposited pursuant to the requirements of the 20th rule of this court. That the sum remaining in the hands of the assignee, was $309 27-100. That the sum of $893 86-100 had been retained by the said J. T. Malcolm, claiming the same for his services as attorney and counsel for the said assignee in and about collecting the sum of $1,339. Whereupon divers of the creditors of said estate objected to

the said claim of the said Malcolm, and asked that the same be audited by the register.

And I further certify, that not deeming it proper to proceed to the audit of said account until the assignee had deposited the money pursuant to the rules of the court, I made an order requiring that said moneys be forthwith deposited in the Bank of New York, National Banking Association to the credit of the said estate, or that the said assignee, and the said Malcolm show cause before me on the 30th day of January, 1872, at 11 o'clock in the forenoon, why the case should not be certified to the judge for his action in the premises, and thereupon adjourned the said meeting. That afterwards, and on the 7th day of February, to which time the said meeting had been adjourned, the said assignee appeared in person, and Mr. Malcolm appeared by Mr. Whitehead his attorney, and read an affidavit to the effect that he was an attorney and counsellor at law of this court. That, as such, he had been employed by the said assignee to collect for him some claims against said bankrupts. That pursuant to such retainer, he took legal proceedings and that he collected said claims and that the moneys aforesaid were paid into his hands, as such attorney and counsellor. That his fees and disbursements in said legal proceedings, justly amounted to $893 86-100, and were adjusted at that amount between him and the said assignee and that with the consent of the said arsignee he deducted the said last mentioned sum from the amount he had so collected before paying anything over to the said assignee, " according to the custom and usage of attorneys and counsellors at law in such cases," and that " he had no moneys whatever belonging to said assignee or to the estate of the said bankrupt."

And I further certify, that after hearing counsel, I held, as a matter of law, that the bankruptcy court had the jurisdiction and power to make a joint order requiring the said Malcolm to hand over said moneys and the interest thereon

to the said assignee, and requiring the said assignee forthwith to deposit the same with all moneys in his hands in the bank aforesaid to the credit of said estate, and that it was the duty of the register to make such an order, and in case of disobedience thereto, it would be his duty to certify the case to the judge, and recommend that an attachment issue against both the assignee and the attorney as for a contempt.

To this ruling the said assignee and counsel for Mr. Malcolm duly objected, and asked that the question herein presented be certified to the court for decision, claiming that the said sum of $893 86-100 is justly and legally retained by the said Malcolm, and that the same is justly due to him as such attorney and counsellor for his said professional services so rendered the said assignee as aforesaid.

I understand it to be claimed on the part of the said Malcolm that he has an attorney's lien upon said moneys, and therefore cannot be compelled to part with it until his said claim for such professional services is satisfied, and I further understand the assignee to stand indifferent between the parties, ready to accept said moneys if the same be handed over to him, and to deposit the same pursuant to the requirement of the act and rules.

The questions therefore presented are: 1st. has the said Malcolm an attorney's lien upon the moneys so in his hands, so that he cannot legally be compelled to pay over the same to the assignee until his claim for services shall be satisfied.

2d. Is it the duty of the register to require the said money to be deposited pursuant to the requirements of the act, before proceeding to audit the accounts of the assignee and countersigning checks for the payment of claims incurred by the assignee.

Upon the first question here presented I certify that I am of opinion that the said Malcolm has no attorney's lien upon said moneys, but was in duty bound to hand them over to the assignee to be by him deposited, as soon as the same were collected by him.

The doctrine of an attorney's lien upon moneys collected by him as against his client is a doctrine well understood, and is not in any wise disputed. The question here presented is: has an attorney of this court a lien upon moneys collected by him as against the court itself? The acts of an assignee are the acts of the court, acting through the assignee as its instrument. If the court employ an attorney to collect moneys, it would be an unseemly thing to say that the court gives one of its attorneys a lien upon its funds as against the court itself! The lien is a *security* which the law gives to an attorney to secure him against loss by fraud or otherwise; surely we are not to hear that the court will recognize the necessity of thus securing an attorney against the court itself! The attorney is himself a *quasi* officer of the court, subject to its order. A court may command an attorney to defend a criminal and he is bound to do so without compensation on pain of a contempt. It cannot therefore be said that, sustaining this relation to attorneys upon its roll, there can be any lack of power on the part of the court to deny to an attorney the security of a lien upon moneys of which the court itself is custodian.

I do not find that this precise question has ever been adjudicated, nor do I find that a lien of this character against assets or funds in court has ever before been asserted by an attorney.

Again, the act itself clearly contemplates and requires duties of an assignee that are inconsistent with the recognition of such a lien as is here asserted. Section 17 provides: " that the assignee shall, as soon as may be after receiving any money belonging to the estate, deposit the same in some bank in his name as assignee."

This would not seem to favor the idea that an attorney employed by him could hold on upon moneys collected by him to secure to himself payment for his services. One purpose at least of this requirement is, that the judge or register may have a check upon any improper disbursement of the

" money belonging to the estate," under the provision of the 28th general order of the court. The spirit at least of this order would be violated if an attorney could exercise such a power over such moneys.

I, therefore, conclude that the attorney, in the case before us, has no lien upon the moneys in question.

To the second question, above stated, I am clearly of opinion that the register in charge ought to see that the requirements of the act, orders and rules are complied with, and not to consent or acquiesce in their non-fulfillment by proceeding as though they had been complied with.

*In re Bliss* (*B. R. Sup.* 17), the court say: " the discharge of a debtor, who does not surrender all his assets, is precisely what those charged with the execution of the law are bound to guard against."

I take it that those charged with the execution of the law are equally bound to guard against every other description of fraud, waste, or injudicious proceedings.

In section 17 of the act, general order 28, district court rule 20, and form 34, all require and contemplate the deposit of moneys by assignees as fast as the same are collected, and experience will demonstrate that no provision of the act, orders or rules is of greater, or even of commensurate, importance in its bearing upon the amount of the dividend to be distributed among the creditors. I do not mean in the present case to intimate that the claim of the attorney is exorbitant, or that it may not be audited to its full amount, but when the whole assets of an estate amount to but $1,589, and when $250 of this sum seems to have been collected by the bankrupt without charge, and the sum of $1,339 has been collected by an attorney for the assignee, for which he claims $893.86, leaving but $595.14 to pay creditors, clerk, marshal, and all other services and disbursements in the case, it would seem to be right that the officers to whom the law had confided the duty of auditing this claim, should not be thwarted in the exercise of that duty by the fact that the

possession (which is said to be nine points in the law) of the fund upon which he is required to adjudicate, is in the hands of a party holding an antagonistic interest in the same.

Should the district judge regard the views above expressed as correct, I shall make the order above indicated.

Respectfully submitted,     I. T. WILLIAMS, *Register*.

BLATCHFORD, J.—Without deciding the first question certified, I think the register should proceed to audit the accounts of the assignee, including the item for the amount allowed by him to Mr. Malcolm. When the accounts are audited such order will be made thereon as shall seem necessary.